**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| WILLIAM H. COLLEY, JR. | * | |
| PLAINTIFF | * | CIVIL ACTION NO. _____ |
| | * | |
| VS. | * | JUDGE _____ |
| | * | |
| HSBC CARD SERVICES INC., | * | MAG. JUDGE _____ |
| TRANS UNION LLC, EXPERIAN | * | |
| INFORMATION SOLUTIONS, INC., AND | * | COMPLAINT AND |
| EQUIFAX INFORMATION SERVICES LLC | * | DEMAND FOR A JURY TRIAL |
| DEFENDANTS | * | |

# COMPLAINT

### I. INTRODUCTION

1. Plaintiff, William H. Colley, Jr. ("Mr. Colley" or "plaintiff"), on his own behalf, complains as follows against defendants HSBC Card Services Inc. ("HSBC"), Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services LLC ("Equifax") for violating the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681. The Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as the "Act" or the "FCRA"). Plaintiff's son, William H. Colley, III, opened an account with HSBC Bank through Suzuki store and incurred charges and which has a negative payment history, and these have now have ended up being reported on plaintiff's consumer reports, and these accounts have been verified by defendants HSBC,

Trans Union, and Experian, after disputes to Trans Union and Experian, as plaintiff's account when it is not. Defendant Equifax removed this account from Mr. Colley's consumer report after receiving Mr. Colley's dispute but it has now reinserted the account without notifying Mr. Colley when this was done. Defendants Trans Union and Experian are now refusing to reinvestigate this account and previously verified it after contacting defendant HSBC. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

## III. PARTIES

3. Plaintiff William H. Colley, Jr. is a "consumer" as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c) and resides in St. Tammany Parish, State of Louisiana.

4. Defendant HSBC Card Services Inc., a foreign corporation doing business in the state of Louisiana, is a person(s) who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2. HSBC's registered agent for service of process in the state of Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5. Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union is a foreign corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is The Prentice Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian is a foreign corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

7. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Equifax is a foreign corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129.

### IV. FACTUAL ALLEGATIONS

8. Mr. Colley has a son named William H. Colley, III.

9. Sometime in December 2006, William H. Colley, III went into Champion Cycles and bought a Suzuki motorcycle from it on credit, by applying for a revolving credit account with HSBC Bank.

10. Mr. Colley's son was initially told by the salesperson that he could not get approved for this account but that if he signed Mr. Colley's name to the application as a co-applicant, then he could get approved for the account.

11. At the direction of this salesperson, William H. Colley, III signed his father's name to this application as a co-applicant, which was done without Mr. Colley's knowledge or consent.

12. Thereafter, Mr. Colley's son made payments on this account as they became

due until he could not longer afford to do so.

13. Defendant HSBC is the entity which reports information to consumer reporting agencies about this account.

14. Mr. Colley learned this account was being reported by defendant HSBC on his consumer report as maintained by co-defendants, Trans Union, Experian and Equifax.

15. Defendants Trans Union, Experian and Equifax have each prepared and issued consumer credit reports concerning plaintiff. Plaintiff has notified defendants Equifax and Experian that he disputed the accuracy or completeness of the information contained in the reports on plaintiff by defendant HSBC for this account within the two year period prior to the filing of this Complaint.

16. For some of plaintiff's disputes, Trans Union. Experian, and Equifax notified HSBC of plaintiff's disputes pursuant to section 1681i(a) of the FCRA.

17. In response to plaintiff's disputes received from defendants Trans Union and Experian, HSBC verified the reporting of the this account, within the two years prior to filing this action.

18. Despite plaintiff's disputes, Trans Union and Experian maintained the reporting of this account on Mr. Colley's consumer report.

19. Defendant Equifax removed the HSBC account in response to Mr. Colley's dispute in 2009 but recently it began rereporting this account without notifying Mr. Colley that it would be reinserted.

**DEFENDANTS' PRACTICES**

20. Defendant HSBC negligently and willfully failed to comply with the requirements of the FCRA in 15 U.S.C. § 1681s-2(b).

21. As a result of defendant HSBC's failure to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to his reputation, emotional distress, and denial of credit for which he seeks damages in amounts to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

22. Defendants Trans Union, Experian and Equifax each negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning plaintiff, as required by 15 U.S.C. § 1681e(b); and

    b) failing to comply with the reinvestigations requirements in 15 U.S.C. § 1681i(a).

    c) Defendant Equifax negligently and willfully failed to comply with the requirements of FCRA a to reinsertion of deleted accounts.

22. As a result of defendants Trans Union's, Experian's and Equifax's failure to comply with the requirements of the FCRA plaintiff has suffered actual damages, including damage to his reputation, emotional distress, and denial of credit for which he seeks damages in amounts to be determined by the jury. Plaintiff also seek punitive damages from each of these defendants in amounts to be determined by the jury.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in his favor and against each defendant for:

    a) Actual damages;

    b) Punitive damages;

    c)    Attorney fees, litigation expenses and costs; and

    d)    Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

> s/Garth J. Ridge
> **GARTH J. RIDGE**
> Attorney for Plaintiff
> Bar Roll Number:  20589
> 251 Florida Street, Suite 301
> Baton Rouge, Louisiana 70801
> Telephone Number:  (225) 343-0700
> Facsimile Number: (225) 343-7700
> E-mail: GarthRidge@aol.com